IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TONYA R., <br><br>                Plaintiff, <br><br>    v. <br><br>COMMISSIONER OF SOCIAL SECURITY, <br><br>                Defendant. | Civil No. 24-06929 (RMB) <br><br> OPINION |

**APPEARANCES**

Robert Anthony Petruzzelli
Jacobs, Schwalbe & Petruzzelli, PC
Woodcrest Pavilion
10 Melrose Avenue
Cherry Hill, NJ 08003

    *On behalf of Plaintiff*

Catherine Elisabeth Hamilton and David Leach
Special Assistant U.S. Attorneys
c/o Social Security Administration
Office of Program Litigation, Office 3
Office of the General Counsel
6401 Security Boulevard
Baltimore, MD 21235

    *On behalf of Defendant*

**RENÉE MARIE BUMB, Chief United States District Judge**

    This matter comes before the Court upon an appeal filed by Plaintiff Tonya R.

("Plaintiff") seeking judicial review of the final determination of the Commissioner of

1

the Social Security Administration (the "SSA"), which denied her application for Social Security Disability benefits. For the reasons set forth herein, the Court **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").

I.      PROCEDURAL HISTORY

On December 16, 2020, Plaintiff filed an application for Social Security Disability benefits under Title II of the Social Security Act ("the Act"), alleging an onset date of disability of January 1, 2020. [R. at 30.] She also filed an application for supplemental security income under Title XVI on December 17, 2020. [*Id.*] Both claims were initially denied on June 4, 2021, and again denied upon reconsideration on August 5, 2021. [*Id.*]

Plaintiff filed a timely written request for a hearing before an ALJ which was held telephonically on December 16, 2021, due to the COVID-19 pandemic. [*Id.*] Plaintiff was represented by an attorney at the hearing at which the ALJ heard testimony from Plaintiff and Vocational Expert Steven Sachs. [*Id.*] The ALJ issued his decision finding Plaintiff to be not disabled under the Act on March 9, 2022. [*See infra* at III.B.] On June 5, 2023, the Appeals Council denied Plaintiff's renewed request for review, rendering the ALJ's decision final. [R. at 15-18.] Plaintiff now seeks this Court's review pursuant to 42 U.S.C. § 405(g).

II.     STANDARD OF REVIEW

When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial

evidence." *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Cons. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. *See Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983); *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. *Sykes*, 228 F.3d at 262 (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i–v). The analysis proceeds as follows:

> At step one, the ALJ determines whether the claimant is performing "substantial gainful activity[.]" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is, he is not disabled. *Id*. Otherwise, the ALJ moves on to step two.
>
> At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. *Id*. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, he is not disabled. *Id*. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If he has such an impairment, the ALJ moves on to step three.
>
> At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations." [*Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010)]. If the claimant's impairments do, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If they do not, the ALJ moves on to step four.
>
> At step four, the ALJ assesses the claimant's "residual functional capacity" ("RFC") and whether he can perform his "past relevant work." *Id*. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [he] can still do despite [his] limitations." *Id*. §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform his past relevant work despite his limitations, he is not disabled. *Id*. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If he cannot, the ALJ moves on to step five.
>
> At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] ... age, education, and work experience." *Id*. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment

4

to other work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If he cannot, he is disabled.

*Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 201–02 (3d Cir. 2019) (some alterations omitted).

## III.   FACTUAL BACKGROUND

The Court recites only the facts that are necessary to its determination on appeal, which is narrow. Plaintiff has not engaged in substantial gainful activity since the alleged onset date: January 1, 2020. [R. at 32.] Plaintiff met the insured status requirements of the Act through June 30, 2024, meaning she had to establish disability on or before that date to be entitled to benefits. [*Id.*]

### A.   Plaintiff's Educational, Work, and Medical History

Plaintiff has at least a high school education and previously worked as an industrial cleaner and a hospital cleaner. [R. at 42.] Plaintiff suffers from the following physical impairments: obstructive sleep apnea, hypertension, hyperlipidemia, chronic fatigue syndrome, and chronic pain syndrome. [R. at 33.] She also suffers from the following mental impairments: anxiety, depression, post-traumatic stress disorder (PTSD), and bipolar disorder. [*Id.*]

### B.   The ALJ's Decision

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability: January 1, 2020. [R. at 32.]

At Step Two, the ALJ found that Plaintiff suffered from the following severe impairments: obstructive sleep apnea, obesity, anxiety, depression, PTSD, and bipolar

disorder. [R. at 33.] However, the ALJ found Plaintiff's hypertension, hyperlipidemia, chronic fatigue syndrome, and chronic pain syndromes were not severe. [*Id.*]

At Step Three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any listed impairment found within 20 C.F.R. § 404. [*Id.*]

At Step Four, the ALJ found that, during the relevant period, Plaintiff had the RFC

> To perform medium work as defined in 20 [C.F.R. §] 404.1567(c) and [§]416.967(c) except that she may occasionally stoop, kneel, crouch, or crawl; must avoid more than concentrated exposure to extremes of temperature, wetness/humidity, and atmospheric respiratory irritants such as fumes, odors, dusts, gases, poor ventilation, etc.; may perform unskilled, simple, routine tasks; may have occasional interaction with supervisors, coworkers, and the general public; and can tolerate occasional changes to a routine work setting.

[R. at 36.] The ALJ further found that Plaintiff could not perform any past relevant work. [R. at 42.]

At Step Five, the ALJ found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform, considering her age, education, work experience, and RFC. [*Id.*] Crediting testimony of the vocational expert, the ALJ found that Plaintiff would be able to perform the requirements of representative occupations such as: hand packer, production worker/box maker, and production inspector/checker. [R. at 43.] Accordingly, the ALJ concluded that Plaintiff was not disabled. [*Id.*]

IV. **DISCUSSION**

Plaintiff raises four arguments in support of her appeal. First, that the ALJ failed to provide a proper assessment of her RFC. Second, the ALJ failed to properly evaluate the evidence of record. Next, the ALJ failed to properly consider Plaintiff's statements pursuant to SSR 16-3p. Moreover, the ALJ failed to carry the SSA's burden at Step Five of the evaluation. Finally, Plaintiff asserts that the record before the Court is sufficient for the granting of summary judgment in her favor.

A. **The ALJ's Failure to Provide a Proper Assessment of Plaintiff's Residual Functional Capacity.**

1. **Chronic Fatigue**

Plaintiff argues that the ALJ improperly disregarded her chronic fatigue diagnosis as "a symptom rather than an impairment" when determining her RFC in violation of SSR 96-8p. [Pl. Br. at 15-16 (quoting R. at 33).] SSA maintains the ALJ adequately considered Plaintiff's chronic fatigue, along with all her other impairments, when determining her RFC. [Def. Br. at 10.]

It is well settled within the Third Circuit that an ALJ's analysis at step two is a de minimis screening device to dispose of groundless claims. *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003). "If the evidence presented by the claimant presents more than a 'slight abnormality,' the step-two requirement of 'severe' is met . . . ." *Id.* at 546-47 (citing *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)). Slight abnormalities are those which have "no more than a minimal effect on an individual's ability to work." *Id.* at 546 (quoting SSR 85-28). However, there is no requirement for

7

an ALJ to utilize "particular language or adhere to a particular format" and instead, is "read as a whole." *Jones v. Barnhart*, 364 F.3d 501, 506 (3d Cir. 2004).

Upon review of the decision, the ALJ expressly addressed Plaintiff's allegations of chronic fatigue. [R. at 33.] In his analysis, the ALJ found Plaintiff's chronic fatigue syndrome not to be medically determinable. [*Id.*] Relying on C.F.R. §§ 404.1521 and 416.921, the ALJ stated that Plaintiff's chronic fatigue had not been diagnosed by any provider in the record, instead attributed the chronic fatigue to Plaintiff's documented obesity and sleep apnea. [*Id.*]

When formulating Plaintiff's RFC, the ALJ acknowledged that Plaintiff had "sought treatment for symptoms of excessive daytime somnolence and limited activity tolerance secondary to chronic fatigue"; and underwent a stress test for which the treatment notes suggested that Plaintiff's fatigue was "possibly related to obesity and deconditioning." [R. at 37.] He noted that no provider in the record explicitly diagnosed Plaintiff with "chronic fatigue syndrome." [R. at 33.] However, Dr. Donald McMahon at Jefferson Health included "chronic fatigue" in Plaintiff's list of diagnoses following an office visit on September 3, 2020. [R. at 608-09.]

Nevertheless, the ALJ also noted that providers "typically found her to be awake, alert, and oriented," and that Dr. Juan Carlos Cornjeo did not observe any significant fatigue during his examination before concluding Plaintiff's fatigue to not be severe. [R. at 37.]

In the instant matter, the misclassification as a symptom rather than standalone diagnosis did not deprive Plaintiff of any functional analysis. The ALJ still found Step

Two in Plaintiff's favor, making any deficiencies in his chronic fatigue analysis irrelevant and does not, on its own, warrant remand. *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005); *see also Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 150, n.2 (3d Cir. 2007).

### 2. Assessment

Plaintiff argues that the ALJ failed to fully consider all the medical evidence and Plaintiff's conditions, namely her chronic panic and fatigue, when assessing her RFC constituting harmful error. [Pl. Br. at 17.] She states that the primary error is encompassed in the ALJ's statement that "[t]here are no complaints of chronic pain in the record, and the claimant's fatigue is better explained as the result of obesity and sleep apnea, which are well documented in the medical evidence." [Pl. Br. at 16 (quoting R. at 33.)] SSA disagrees, stating that the record contains substantial evidentiary support for the ALJ's assessment and determination of Plaintiff's RFC as it is an administrative finding, not a medical opinion, based on the entire record. [Def. Br. at 10-11 (citing 20 C.F.R. §§ 404.1545(a), 416.945(a)(3)).]

When read in context, the ALJ did not disregard Plaintiff's symptoms. First, the ALJ expressly acknowledged Plaintiff's reports of fatigue and shortness of breath but found that objective findings repeatedly showed she was awake, alert, oriented, with normal oxygen saturation, normal cardiopulmonary exams, and no significant respiratory abnormalities, undermining the alleged severity of her fatigue. [R. at 35–41.] The ALJ further explained that Plaintiff's fatigue was "better explained" by her obesity and documented obstructive sleep apnea, both of which he found to be severe,

as the record lacked imaging or clinical findings supporting an additional musculoskeletal or neurological condition that would produce disabling fatigue or pain. *Id.* This analysis is consistent with the requirements set forth in 20 C.F.R. § 404.1529.

**B.     The ALJ's Failure to Properly Evaluate the Evidence of Record.**

Plaintiff next argues that the ALJ ignored Plaintiff's treating physician's evidence, and SSA's own doctor's examination and instead relied upon his own lay understanding of Plaintiff's conditions and exertional limitations. [Pl. Br. at 20.] SSA argues that the ALJ did properly weigh all medical evidence in the record and provided an explanation as to what portions he did not find persuasive as required by 20 C.F.R. § 404.1520(c). [Def. Br. at 14.]

"[T]he threshold for . . . evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). Rather, substantial evidence exists if there is "more than a mere scintilla," meaning so much "as a reasonable mind might accept as adequate support for a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). However, "an ALJ may not make speculative inferences from medical reports" nor is he "free to employ [his] own expertise against that of a physician who presents competent medical evidence." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999); *See also Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981). "When a conflict in the evidence exits, the ALJ may choose whom to credit" but still must consider all evidence in the record and "give some reason for discounting the evidence [he]

10

rejects." *Plummer*, 186 F.3d at 429 (citing *Stewart v. Secretary of H.E.W.*, 714 F.2d 287, 290 (3d Cir. 1983)); *see also Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In doing so, he must articulate his "determination or decision how persuasive" the medical opinions and findings were determined to be. 20 C.F.R. § 404.1520(c).

In the instant matter, the ALJ's analysis of Plaintiff's RFC spans several pages in which he weighs various pieces of evidence in the record. [R. at 35-42.] He acknowledged Plaintiff's statements of disabling fatigue; shortness of breath; and physical and mental limitations, then contrasted them with examination findings that she was typically awake, alert, and oriented; without dyspnea; at normal oxygen saturation; her cardiopulmonary exams were normal; and largely normal musculoskeletal findings aside from obesity-related limitations. [*Id.*] The ALJ then addressed Drs. Raymond Briski and Mary Ann Nicastro's findings, from which he chose to adopt that Plaintiff suffered from obstructive sleep apnea and hypertension. [R. at 38 (citing R. at 179).] In rejecting their recommendation for light work, the ALJ explained that it was due to the lack of imaging to support their assertion that Plaintiff suffered from a severe musculoskeletal disorder, which they also did not include in their final list of medically determinative impairments. [*Id.* (citing R. at 160, 179-80).]

Turning to the ALJ's treatment of Dr. Cornejo's report which he acknowledged that despite the lack of imaging indicating any spinal abnormalities, Plaintiff may have reduced mobility due to her obesity and included accommodations accordingly. [R. at 39] When evaluating the records that evaluated Plaintiff's mental health, the ALJ acknowledged the findings from Saint Remi's, but reasonably discounted them as

11

inconsistent considering Plaintiff's conservative treatment history and reports of improvement over time. [R. at 39-40.]

Plaintiff's bare assertion that the ALJ "failed to properly evaluate" the record is essentially a disagreement with how the evidence was weighed, not a showing that probative evidence was ignored or that the decision is "unreviewable." [Pl. Br. at 16.] The decision identifies the key medical and opinion evidence, addresses the conflicts Plaintiff highlights as disregarded, and provides a rational bridge from that evidence to the ALJ's conclusion of a medium RFC with additional postural, environmental, and mental restrictions. Under the deferential substantial evidence standard that governs this Court's review, the Court may not reweigh that evidence or substitute its own judgment where, as here, the ALJ's explanation is adequate and supported by "more than a mere scintilla" of evidence. *Biestek*, 587 U.S. at 103; *Plummer*, 186 F.3d at 429. Accordingly, the Court rejects Plaintiff's argument that the ALJ failed to properly evaluate the evidence of record and concludes that the RFC determination was supported by substantial evidence.

    **C.**    **The ALJ's Failure to Properly Consider the Plaintiff's Statements Pursuant to SSR 16-3p.**

Plaintiff asserts that the ALJ improperly discredited her statements as to the intensity, persistence, and limiting effects of her symptoms, which she claims remained consistent across her evaluations. [Pl. Br. at 22.] SSA asserts that the ALJ sufficiently weighed Plaintiff's subjective complaints alongside the medical evidence. [Def. Br. at 12 (citing R. at 35-42.)]

12

Under SSR 16-3p(a), "[a]n individual may make statements about the intensity, persistence, and limiting effects of [her] symptoms." These statements can be made directly to the ALJ, medical professionals, or other individuals. *Id.* The ALJ will consider any statements and "evaluate whether the statements are consistent with objective medical evidence and the other evidence." *Id.*; 20 C.F.R. § 404.1529. A plaintiff's statements regarding their symptoms will not establish that they are disabled unless they are supported by objective medical evidence that the plaintiff suffers from a medical impairment that "could reasonably be expected to produce the pain or symptoms alleged . . . ." 20 C.F.R. § 404.1529(a).

The Court is satisfied that the ALJ met his obligation to consider Plaintiff's subjective complaints alongside the available objective medical record. As required by statute, the ALJ weighed Plaintiff's statements pertaining to her limitations against the evidence in the record, finding the level of severity she complained of to be unsupported by her conservative treatment history; improvements with medication; largely normal medical evaluations; and ability to perform activities of daily living, which suggested a greater level of functioning than she alleged. [R. at 37.] The ALJ's decision clearly considered Plaintiff's statements but was well within his discretion when he rejected them. *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999); *Garrett v. Comm'r of Social Security*, 274 F. App'x 159, 164 (3d Cir. 2008).

### D. The ALJ's Failure to Carry the Burden at Step Five.

Plaintiff finally argues that the ALJ improperly relied upon Vocational Expert Steven Sachs' testimony at Step Five as the jobs found were outside of the Reasoning Code set forth in Plaintiff's RFC. [Pl. Br. at 26.] SSA disagrees and argues that not only are the jobs provided by Mr. Sachs within Plaintiff's RFC, but that Plaintiff's argument otherwise is without a legal basis. [Def. Br. at 15.]

As correctly noted by SSA, Plaintiff failed to cite any controlling authority supporting her alleged Reasoning Code conflict. Rather, the Third Circuit has repeatedly held that a limitation to "simple, routine, and repetitive" or "simple" work is not inconsistent with occupations requiring a Reasoning Level of Two. *See e.g. Money v. Barnhart*, 91 F. App'x 210, 215 (3d Cir. 2004) ("Working at reasoning level 2 would not contradict the mandate that her work be simple, routine and repetitive.")[1] Thus, the occupations identified were not in conflict with Plaintiff's RFC determination that

---

[1] In her reply, Plaintiff requested the Court disregard *Money* due to the recent recission of SSR 00-4p, while acknowledging that it remains good law within this Circuit. [Pl. Reply at 3.] As the basis of Plaintiff's argument, filed after the recission of SSR 00-4p, is grounded within SSR 00-4p, which was the governing standard at the time of the challenged decision, this request is improper. [Pl. Br. at 22-26.] Further, Plaintiff provides a quotation alleging it to be from "a recent Appeals Council remand" in support of her argument, but failed to provide the Court with any identifying information with which it could locate the source of the purported quotation. [Pl. Reply at 3-4.] Plaintiff also includes two more quotations purportedly sourced from the Remand Orders issued in *Nina C. v. Comm'r of Soc. Sec.*, No. 1:24-cv-04507 (D.N.J. Aug. 8, 2024) and *Michael V. v. Comm'r of Soc. Sec.*, No. 1:23-cv-21746 (D.N.J. Mar. 12, 2024). [Pl. Reply at 4.] However, upon review of both cases, the Court has been unable to locate the quoted language. Without the ability to substantiate these quotations, the Court cannot consider them in its ruling.

14

limited her to simple and routine tasks. The ALJ was not required to obtain further explanation from Mr. Sachs under SSR 00-4p. *See id.*

Further, Courts within this Circuit have consistently interpreted a "people" rating of eight, defined as "taking instructions-helping," to mean that interaction with supervisors, coworkers, and the public to not be more than occasional, consistent with Plaintiff's RFC. *Tracey v. Comm'r of Social Sec.*, 760 F. App'x 121, 124 (3d Cir. 2019). Although Plaintiff submitted external labor market data indicating the level of interpersonal demand to be higher, SSR 00-4p only requires the ALJ to resolve conflicts between the testimony of the Vocational Expert and DOT. SSR 00-4p, 2000 WL 1898704, at *4-5. Here, the ALJ expressly relied upon Mr. Sachs' testimony, which was consistent with the DOT and supported by substantial evidence. [R. at 42-43.] Accordingly, the ALJ satisfied his burden at Step Five.

### E. Request for Summary Judgment.

As Plaintiff has not established a prima facie case on appeal, summary judgment is not appropriate. *See Livingston v. Califano*, 614 F.2d 342, 345 (3d Cir. 1980); *Gilliland v. Heckler*, 786 F.2d 178, 184-85 (3d Cir. 1986).

## V. CONCLUSION

For the foregoing reasons, the decision of the ALJ is **AFFIRMED**. An accompanying Order shall issue.

| | |
|---|---|
| **November 25, 2025** | **s/Renée Marie Bumb** |
| Date | RENÉE MARIE BUMB |
| | Chief United States District Judge |